288 F.2d 819
 Paul H. SEIGLER, Sr.,
v.
W. M. O'KEEFFE, Acting Deputy Commissioner, Department of Labor, Bureau of Employee's Compensation, Sixth Compensation District.
 No. 18615.
 United States Court of Appeals Fifth Circuit.
 March 30, 1961.
 
 James J. Reid, Columbia, S. C., A. L. Hardee, Florence, S. C., Willcox, Hardee, Houck & Palmer, Florence, S. C., for appellant.
 John L. Briggs, Asst. U. S. Atty., Jacksonville, Fla., E. Coleman Madsen, U. S. Atty., Miami, Fla., Harold C. Nystrom, Acting Sol. of Labor, Herbert P. Miller, Asst. Sol. of Labor, George M. Lilly, Attorney, U. S. Department of Labor, Washington, D. C., of counsel, for appellee.
 Before JONES and BROWN, Circuit Judges, and CONNALLY, District Judge.
 PER CURIAM.
 
 
 1
 The appellant sustained injuries on December 3, 1957, which were compensable under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The Deputy Commissioner, after a hearing, found that the injuries did not result in any disability after October 16, 1958. The appellant claimed total and permanent disability and brought suit for a review of the Deputy Commissioner's order through injunction proceedings under Section 21 of the Act, 33 U.S.C.A. § 921. The district court affirmed the Deputy Commissioner. The only question before the district court and the only question before us on the merits, is whether the findings of the Deputy Commissioner are supported by substantial evidence. The evidence has been reviewed but need not be here related. We agree with the district court that the evidence is ample to sustain the order.
 
 
 2
 The appellee moved to dismiss the complaint as not having been timely filed. The last day for filing the complaint was May 9, 1959. It was sent by air mail special delivery from Columbia, South Carolina, to the clerk of the district court in Jacksonville, Florida, on May 8, 1959. May 9 was a Saturday. The clerk's office did not open that day nor, of course, on the following day which was Sunday. It was marked as filed March 11, 1959. The complaint was placed through the slot of the door of the office of the clerk on Saturday. The requirement of the rule is satisfied. See Reynolds v. United States, 5 Cir., 288 F.2d 78.
 
 The judgment of the district court is
 
 3
 Affirmed.